UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
UNITED STATES OF AMERICA       :
                               :
v.                             :     CRIM. NO. 3:12CR39(AWT)
                               :
MORRIS CARTER, JR.             :
                               :
-------------------------------x
```

**ORDER RE DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT**

For the reasons set forth below, defendant Morris Carter, Jr.'s Motion to Dismiss the Superseding Indictment (Doc. No. 467) is hereby DENIED.

"[A] prosecution brought with vindictive motive, penalizing those who choose to exercise constitutional rights, would be patently unconstitutional." United States v. Stewart, 590 F.3d 93, 122 (2d Cir. 2009) (citations and internal quotation marks omitted).  "We will dismiss an indictment if actual vindictiveness has been demonstrated, or if, under the circumstances, 'there is a presumption of vindictiveness that has not been rebutted by objective evidence justifying the prosecutor's action.'" Id.  (internal quotation marks omitted). The Second Circuit "has consistently adhered to the principle that the presumption of prosecutorial vindictiveness does not exist in the pretrial setting." Paradise v. CCI Warden, 136 F.3d 331, 335 (2d Cir. 1998).

Here there is no presumption of prosecutorial vindictiveness

because the prosecutor's charging decision was made pretrial. Thus, the defendant has the burden to demonstrate actual vindictiveness.  As is described in the government's opposition memorandum (See Government's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Indictment (Doc. No. 474)), the original indictment was returned on March 7, 2012; the information obtained from co-defendants who agreed to speak to government agents pursuant to a proffer agreement was obtained in June 2012 and August 2012; the defendant rejected the government's plea letter in September 2012; the superseding indictment was returned on November 29, 2012; and the email correspondence on which the defendant relies was sent on February 14, 2013.

    Thus, far from supporting the defendant's contention that there was actual vindictiveness, (1) the government did not develop additional evidence supporting its view that the defendant had been involved in criminal activity more serious than that charged in the original indictment until after that indictment was returned, and (2) the government's email correspondence relied on by the defendant was sent after the superseding indictment was returned and merely served the purpose of ensuring that the defendant was aware of his possible exposure if he were convicted after trial.

    It is so ordered.

Signed this 25th day of February, 2013 at Hartford, Connecticut.

                                                    /s/
                                        Alvin W. Thompson
                                United States District Judge